USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-31-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RODNEY EDMONDS,

                           Petitioner,

    - against -

Superintendent,
Mohawk Correctional Facility,

                           Respondent.

**REPORT AND RECOMMENDATION**

08 Civ. 7730 (JSR) (RLE)

---

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* Petitioner Rodney Edmonds ("Edmonds"), a New York state prisoner at Mohawk Correctional Facility, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was received by the *Pro Se* Office in this District on August 12, 2008. In November 2005, Edmonds entered into a plea agreement which included a stay at the Drug Treatment Alternative to Prison ("DTAP") program. Edmonds subsequently violated the plea agreement terms and, because of his violation, he was sentenced to six years' imprisonment, which included three years of post-release supervision.

Edmonds claims that his incarceration violates the United States Constitution because (1) six years' imprisonment is an excessive sentence for a street level drug sale ("Claim One"); (2) the record of the plea proceeding was inadequate to establish that he voluntarily, knowingly, and intelligently waived his right to appeal ("Claim Two"); and (3) the trial court failed to exercise its discretion at sentencing ("Claim Three"). (Pl.'s Pet. for a Writ of Habeas Corpus ("Pet.") at 2-4.) For the reasons set forth below, I recommend the Petition be **DENIED.**

## II. BACKGROUND

A.  **Factual Background**

On April 13, 2005, at approximately 7:40 p.m., Darryl Lany approached an undercover police officer at the corner of West 111th Street and Eighth Avenue in Manhattan. (Resp't's Decl. in Opp. to Pet. for a Writ of Habeas Corpus ("Resp't Opp'n."), Ex. E at 1-2.) After briefly speaking to the undercover officer, Lany walked away and returned with Edmonds. Edmonds approached the undercover officer and handed him four rocks of crack cocaine in exchange for $20. (*Id.* at 2.) After the exchange, field team officers arrested Edmonds and Lany. (*Id.*) On April 21, 2005, a New York County grand jury indicted Edmonds on one count of criminal sale of a controlled substance in the third degree. (*Id.*)

On November 18, 2005, Edmonds was accepted into the DTAP program and entered a plea of guilty to criminal sale of controlled substance in the third degree. The plea agreement dictated that he enter the program and conform to its provisions for two years. Edmonds read the agreement and understood that by pleading guilty he was giving up certain rights, including the right to a jury trial, to testify in his own behalf or to remain silent, and to cross-examine witnesses. (*Id.* at 3, Ex. A (Plea Transcript ("Tr.") at 2-3.)

The plea agreement provided three alternative outcomes, dependent upon Edmond's success at the Phoenix House: (1) if Edmonds left the DTAP program without authorization, the court would impose a sentence of six years' imprisonment; (2) if Edmonds failed to complete the DTAP program successfully but did not leave the program, the court would impose a sentence of three years' imprisonment; or (3) if Edmonds completed the treatment program successfully and

committed no new crimes prior to the sentencing date, the government would recommend that the indictment be dismissed. (Resp't Opp'n, Ex. B ("Plea Agreement") at 4-7.)

Edmonds entered the DTAP program at Phoenix House in November 2005 and left without authorization shortly thereafter. (Resp't's Mem. of Law in Opp'n to the Pet. for a Writ of Habeas Corpus ("Resp't Mem.") at 3-4.) On July 28, 2006, because of his violation of the agreement, Edmonds was sentenced to six years, along with three years of post-release supervision. (*Id* at 4.)

### B.     Procedural Background

Edmonds appealed his conviction, which was affirmed by the Appellate Division on March 11, 2008. *People v. Edmonds*, 49 A.D. 3d 336 (1st Dep't 2008). On appeal, Edmonds raised three claims, arguing that: (1) six years' imprisonment was an excessive sentence for a street level drug sale; (2) the record of the plea proceeding was inadequate to establish that he voluntarily, knowingly, and intelligently waived his right to appeal; and (3) the trial court failed to exercise its discretion at sentencing. (Resp't Mem. at 5.) The New York Court of Appeals denied Edmonds's leave to appeal on June 13, 2008. *People v. Edmonds,* 10 N.Y. 3d 934 (2008).

### III. DISCUSSION

### A.     Threshold Issues

#### 1.     Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). A conviction becomes final "'when [the] time to seek direct review in the United States Supreme Court by writ of certiorari expire[s],'" that is, ninety days after the final determination by the state court. *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). The statute of

limitations is tolled while state court relief is pending. 28 U.S.C. § 2244(d)(2); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). The tolling period runs from when the post-conviction motion is filed until leave to appeal is denied. *See Rodriguez v. Portuondo*, 2003 WL 22966293 at *1-2 (S.D.N.Y. Dec. 15, 2003); *see also Carey v. Saffold*, 536 U.S. 214, 216 (2002); *Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 1999.) Edmonds's conviction became final on September 11, 2008. His Petition was received in this District on November 13, 2008, and is therefore timely.

### 2. Exhaustion

Pursuant to 28 U.S.C. § 2254(b), as amended by AEDPA, courts may not grant a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. *See* 28 § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997). In order to satisfy substantive exhaustion, a petitioner's claim before the state courts must have been federal or constitutional in nature. Although not an exacting standard, a petitioner must inform state courts of "both the factual and legal premises of the claim [he] asserts in federal court." *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (quoting *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye*, 696 F.2d at 194. Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). He must raise each federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent

4

state.'" *Id.* (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)). Even where a respondent does not challenge petitioner's claims on exhaustion grounds, the court has an independent obligation to ensure that this requirement has been met, unless expressly waived by the State. *See* 28 U.S.C. § 2254(b)(3).

Edmonds has exhausted his second claim, that the record did not adequately establish that he voluntarily and knowingly waived his right to appeal, because he asserted the claim in constitutional terms at every level in state court. (Pet'r Br. at 8.) He has not, however exhausted his first and third claims, because they were not raised as federal or constitutional issues at each level of state court review, nor did the state courts rely upon federal or constitutional analyses for their decisions. (*Id.* at 11-17.)

**B.     Merits of the Claims**

    **1.     Standard of Review**

AEDPA constrains a federal habeas court's ability to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. *See* 28 U.S.C.§ 2254(d)(1). With respect to claims that were addressed on the merits by the state court, a petitioner may only obtain habeas corpus relief by showing that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.*; *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. Furthermore, in cases where the state court decision rests on a factual determination, the decision will be overruled only if it "was based on an unreasonable

5

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

## 2. Edmonds's Claim That Six Years' Imprisonment Was Excessive

Edmonds contends that six years' imprisonment is an excessive sentence for his "low level" street drug sale and, therefore, his sentence should be reduced. (Pet'r Br. at 12.) When considering a sentence reduction, a habeas court must grant considerable deference to legislative mandated terms of imprisonment. *See Hutto v. Davis,* 454 U.S. 370, 374 (1982). "No federal constitutional issue is presented where … the sentence is within the range prescribed by state law." *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir. 1992). New York Penal Law prescribes a sentence of at least two years but no more than twelve years for a Class B felony. N.Y.P.L. § 70.70(3)(b)(i). The criminal sale of a controlled substance in the third degree is a Class B felony. N.Y.P.L. § 230.39(1).

Edmonds asserts that he is entitled to a sentence reduction because (1) the trial court erred by focusing on his criminal history and allowing evidence of his personal traits; (2) he has a drug addiction and is entitled to treatment, not incarceration; (3) he is capable of being a productive member of society; (4) he will be subject to post-release supervision; and (5) there was no indication that he was arrested after he left the program. (Pet'r Br. at 12-14.) Respondent opposes Edmonds's argument, and asserts that his sentence of six years' imprisonment is appropriate and fits squarely within the sentencing guidelines. (*See* Resp't's Supplemental Mem. of Law in Opp'n at 9-10.)

The sentence imposed was within the range prescribed by New York State law. N.Y.P.L. § 70.70(3)(b)(i). At the plea hearing, Edmonds stated on the record that he understood and read the terms of the plea agreement, which explicitly stated that he would be sentenced to six years' imprisonment if he violated the terms of the agreement by leaving the treatment center. (Tr. at 3-

6

4.) A few days after enrolling in the program, he left without authorization. The fact that he was not arrested after leaving the program does not make the sentence improper, or require a reduction. Similarly, the fact that Edmonds will be subject to post-release supervision is not a basis to reduce the sentence imposed. The claim of excessive sentence should be **DISMISSED**.

### 3. Edmonds's Claim Concerning the Adequacy of His Waiver of Appeal

A defendant may waive his right to appeal from a judgment of conviction, or some part thereof. *See United States v. Nelson*, 277 F.3d. 164, 204 (2d Cir. 2002); *People v. Seaberg*, 74 N.Y. 2d 1, 11 (1989); *People v. Williams*, 36 N.Y. 2d 829, 830 (1975). For a waiver to be enforceable, the record must reflect that the defendant voluntarily, intelligently, and knowingly waived his rights. *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997); *People v. Callahan*, 80 N.Y. 2d 273, 280-83 (1992). Generally, a waiver constitutes "an intentional relinquishment or abandonment of known rights or privileges." *Doe v. Marsh*, 105 F.3d 106, 111 (2d Cir. 1997) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). For the waiver to be effective, a defendant must be informed of the nature of the right and must evince a full understanding of the consequences of the waiver. *United States v. Ready*, 82 F.3d 551, 556-57 (2d Cir. 1996); *Seaberg*, 74 N.Y. 2d at 11. The trial court, however, need not employ specific language when apprising a defendant pleading guilty of the individual rights to be waived. *Salaam v. Giambruno*, 559 F. Supp. 2d 292, 298 (W.D.N.Y. 2008).

Edmonds contends that the court failed to ensure that he understood that he was giving up more than his right to appeal. (Pet'r Br. at 9.) He also argues that the court failed to explain that a right to appeal is the normal course of events, and that he was giving up a right ordinarily given to defendants. (*Id.*) Moreover, he contends that the language in the plea agreement specified that he was waiving only the right to appeal the judgment of conviction, and not waiving any challenge to an excessive sentence. (Pet'r Br. at 10.)

The record adequately indicates that on November 18, 2005, Edmonds appeared with his attorney before the trial court and pled guilty as charged to criminal sale of a controlled substance in the third degree. The court verified several times that Edmonds understood the terms in the plea agreement, and he stated that he had discussed the matter fully with his attorney and understood the nature of the various rights being waived, and that he understood the terms of the plea agreement. Additionally, he agreed to "waive his right to appeal from the judgment of conviction, including but not limited to the issue that the adjournment of his sentence is unlawful." (Plea Agreement at 2.) This constituted a full waiver of appeal, including an appeal of the sentence imposed. Although the trial court did not explain that he was giving up a right normally obtained, it was not required to do so. *See Salaam*, 557 F. Supp. 2d at 298. Accordingly, the record adequately reflects that Edmonds voluntarily, knowingly, and intelligently waived his right to appeal, and his claim should be **DISMISSED**.

### 4. Edmonds's Claim That the Trial Court Abused Its Discretion in Imposing a Six Year Sentence

A sentencing court is entitled to use its discretion within the guidelines. *See United States v. Mazza-Alaluf*, 621 F.3d 205, 213-14 (2d Cir. 2010); *People v. Lanfair*, 795 N.Y.S.2d 390, 392 (3d Dep't 2005). The court is instructed to formulate a sentence that is most suitable for a defendant and society, given the facts and circumstances of the particular case. *Alvarez v. Scully*, No. 91 Civ. 6615(PKL), 1993 WL 15455 at *12 n. 11 (S.D.N.Y. Jan. 11, 1993) (citing *People v. Demers*, 105 A.D. 2d 979 (3d Dep't 1984)). A sentencing court may consider a wide range of information in determining an appropriate sentence for a criminal defendant. *United States v. Lee*, 818 F.2d 1052, 1055 (2d Cir. 1987). Challenges to sentencing decisions are not constitutionally cognizable unless a petitioner can show that the decision was "wholly devoid of discretion." *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). More importantly, in

conducting a habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner's claim is based solely on state law, such claims are not appropriate for federal habeas review. 28 U.S.C. 2254.

Edmonds argues that the trial court abused its discretion when it sentenced him to six years' imprisonment for a street level drug sale. (Pet'r Br. at 14-17.) He maintains that the court erred because it believed that it was bound by the terms of the plea bargain, which was shown when it "expressed reservations" about the fairness of the sentence. (Pet'r Br. at 15.) Specifically, the trial court stated, "I think it is a harsh sentence, but he chose to enter into this agreement . . . " Edmonds asserts that this statement implies that the trial court thought it was unable to do anything about the sentence. (*Id.*) Respondent contends that the trial court did not abuse its discretion because it understood that there was an option for the plea to be withdrawn if the sentence was deemed inappropriate. (Rep't Brief at 8-10.)

The trial court did not abuse its discretion in sentencing Edmonds to a six-year term because Edmonds entered into the DTAP agreement voluntarily after consulting with his attorney. He told the judge that he understood the terms of the agreement. He has not shown that the judge's statement of "reservations" constituted an abuse of discretion. Moreover, he has not shown how such a statement expressed a desire by the trial court to modify his sentence. Moreover, even if the trial court had abused its discretion, the claim would not be cognizable because a trial court's failure to exercise discretion at sentencing is a state-law issue. *See Alvarez*, 1993 WL at *11. Accordingly, this claim should be **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Edmonds's petition for writ of habeas corpus be **DENIED.** Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. §636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

DATED: January 31st, 2011
New York, New York

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

**Copies of this Report and Recommendation were sent to:**

| Petitioner | Counsel for Respondent |
|---|---|
| Rodney Edmonds | Paul B. Lyons/ Alyson J. Gill/ Lisa Fleischmann |
| DIN # 06-R-3587 | Assistant Attorneys General |
| Mohawk Correctional Facility | 120 Broadway, 22nd floor |
| P.O. Box 8451 | New York, New York 10271 |
| Rome, New York 13442 | |

10